CATALINA RAMÍREZ, Plaintiff and Appellant, *v.* PEDRO RIVERA ET AL., Defendants and Appellees.

No. 6217.  Argued February 5, 1935.—Decided July 26, 1935.

*Armando A. Miranda* for appellant.  *José C. Jusino* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Catalina Ramírez took this appeal from a judgment of the District Court of Bayamón dismissing her complaint on the merits in an action to annul certain proceedings and for damages.

On the day of the hearing of this appeal, a motion to dismiss it was also argued. One of the grounds urged is that the certificate of the clerk at the foot of certain documents presented to us as the transcript of the record, does not show that they are true and exact copies of the documents which constitute the judgment roll. The documents in question are the ones which must in fact constitute the judgment roll in this case, and the clerk certifies that they are true and exact copies of their originals, and therefore this ground for dismissal is not tenable. See the case of *Rivera* v. *Martínez,* 26 P.R.R. 127. The other ground for dismissal is that the date on which the notice of appeal was filed in the lower court does not appear. This is true, but that defect is cured by a certificate, presented by the appellant and issued by the clerk of the said court, showing that the notice of appeal was filed there on the same date which the notice itself bears.

Pedro Rivera brought an action against Catalina Ramírez in the Municipal Court of Bayamón to recover $90 due on July 17, 1927, without interest to maturity. The court, following the special procedure for claims not exceeding $100, rendered a judgment for the plaintiff by default. On execution of the judgment, a house of the defendant was sold at public auction to Jaime Masjuán for $50. Subsequently, Masjuán brought an action of unlawful detainer to oust Catalina Ramírez from the premises so sold.

Thereafter Catalina Ramírez filed a suit in the District Court of Bayamón to annul the proceeding brought against her in the Municipal Court of Bayamón which resulted in a judgment against her and in the sale of her house, to annul the unlawful detainer proceeding brought by Masjuán to oust her, and to recover $5,000 as damages resulting from the said acts.

In her appeal from the judgment of the district court dismissing her complaint on the merits, Catalina Ramírez urges that the court committed fifteen errors, of which we will consider only a part, because the others are not properly assigned, or have not been argued, or are based on matters which do not appear from the record.

The first one which we will consider and decide refers to whether the proceeding for the collection of claims not exceeding $100 was the proper one in the action of debt in the municipal court.

To support her contention that such a proceeding was improper because the amount exceeded $100, the appellant states that the $90, plus interest at 1 per cent per month from the date of maturity, amounts to more than $100. According to the obligation, however, interest was to run at the legal rate after maturity, and on the date of the complaint amounted to eight dollars and some cents, which does not bring the amount of the claim to $100.

The appellant also contends that an error was committed in the sale of her house, because she was not properly

notified of the judgment against her. According to the record of the municipal court presented in evidence, the attorney for the plaintiff in that case notified the defendant of the said judgment by mail, at her residence in Cataño. According to Act No. 13 of 1917 (Session Laws, vol. II, p. 224), amending a previous act (March 11, 1908), once judgment has been rendered, an appeal may be taken within ten days following the service of notice of the judgment. That was the law in force when the judgment was rendered by the municipal court, for, although the appellant refers to another act, No. 2 of 1929 (Session Laws, p. 122), which provides that notice be given by the clerk, this act was not in force on the date on which the judgment was rendered. Thus the attorney for the plaintiff could properly serve the defendant with notice of the judgment.

▇ The appellant also argues that the notice should not have been mailed, as was done in this case, since Cataño was a ward of Bayamón. Cataño, however, had ceased to be a ward of Bayamón two years before the judgment was rendered, and had become an independent municipality by Act No. 30 of 1927, and the notice could therefore be given by mail.

▇ It is also argued that the judgment of the municipal court does not appear in the record of that court; nevertheless the appellant herself states in her complaint that the judgment was rendered and entered, citing the volume and page of the judgment book of the said court.

▇ As to the contention that the notices of the public sale by the marshal of the municipal court were not published during the statutory term, because 20 days had not elapsed between the first and the last publication, it is sufficient to state that the record shows that 23 days elapsed between the first notice and the sale, which is sufficient, as we have held in *Arvelo et al.* v. *Banco Territorial y Agrícola*, 25 P.R.R. 677, and *Thyboe et al.* v. *San Juan Fruit Co.*, 36 P.R.R. 804.

The notice of the public sale was published in a newspaper, and the fact that the marshal stated in his return that he had also posted notices of the sale in the usual places, without stating what these places were, does not invalidate the sale, according to the case of *Lawton* v. *Porto Rico Fruit Exchange,* 42 P.R.R. 282.

Another ground for nullity urged is that the clerk of the municipal court issued a writ of execution of the judgment without a previous order of the court, but it is sufficient to say that, as the judgment does not appear in the record, it cannot be said that the writ of execution was issued without an express provision therefor in the judgment.

Inasmuch as the proceeding had in the Municipal Court of Bayamón is not void, the prayers for nullity of the action of unlawful detainer and for damages resulting from the same do not lie.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.